Filing # 68227226 E-Filed 02/20/2018 08:39:03 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

| | |
|---|---|
| **Ben Duong,** | Case Number:      18-CC-009940 |
| *Plaintiff,* | Section:      H |
| v. | |
| **Specialized Loan Servicing, Inc.,** | Ad Damnum: $1,000 + costs and fees |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, BEN DUONG, (**"Mr. Duong"**), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Specialized Loan Servicing, Inc. (**"SLS"**), stating as follows:

### PRELIMINARY STATEMENT

1.     This is an action brought by Mr. Duong against SLS for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (**"FCRA"**).

### JURISDICTION

2.     Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3.     SLS is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.     Pursuant to Section 47.051, Florida Statutes, venue is proper in Hillsborough County because the acts complained of were committed and / or caused by Defendant within Hillsborough County.

## PARTIES

5.     Mr. Duong is a natural person residing in Tampa, Hillsborough County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.     SLS is a Colorado corporation, with a primary business address of **8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.**

7.     SLS is registered to conduct business in the State of Florida as a Foreign Corporation, and has listed their Registered Agent as **Capitol Corporate Services, Inc., 515 East Park Avenue, 2nd Floor, Tallahassee, FL 32301.**

## FACTUAL ALLEGATIONS

8.     Around December 2004, Mr. Duong obtained a home equity loan in the amount of $54,000 from E*Trade Bank (**E*Trade**).

9.     The loan was transferred or assigned to SLS, a mortgage servicer.

10.     Mr. Duong made regular payments on the account but later approached SLS about paying off the entire remaining balance through a short-sale of the property.

11.     SLS agreed to settle the outstanding mortgage for $45,000, or about $5,000 less than full value of the remaining balance of the loan, in September 2015. **SEE PLAINTIFF'S EXHIBIT A.**

12.     As a servicer and agent for E*Trade, SLS would have had to obtain authority or have already been granted authority to settle the loan for less than full value.

13.     Mr. Duong paid the $45,000 to SLS.

14.     Thus, the payment was settlement in full, for less than full balance.

15.     On October 27, 2015, SLS sent Mr. Duong a letter indicating his mortgage was satisfied and that "(w)e at Specialized Loan Servicing, LLC, thank you for the opportunity to service your loan and help you meet your financial goals." **SEE PLAINTIFF'S EXHIBIT B.**

16.     It included a copy of the "Mortgage Release, Satisfaction, and Discharge" filed with the Hillsborough County Clerk of Court. **SEE PLAINTIFF'S EXHIBIT C.**

17.     The release was signed "E*Trade Bank, By Specialized Loan Servicing LLC, Its Attorney In Fact." *Id.*

18.     Despite the settlement and release of mortgage, in September 2015, SLS began reporting to Experian, a credit reporting agency ("**CRA**"), that the account was severely past-due and charged to profit-and-loss ("**charge-off**") and that $52,735 had been "written off." **SEE PLAINTIFF'S EXHIBIT D.**

19.     On information and belief, SLS did not "charge off" anything since it is only an agent and servicer for E*Trade; only E*Trade could have charged any amount to its profit and loss.

20.     On information and belief, at no point did E*Trade indicate to SLS it was charging off the loan to profit and loss.

21.     Thus, SLS had no reason to believe the accurate status of the account was "charge off."

22.     SLS also reported to Experian that the status of the loan in July and August 2015 was "charge off." *Id.*

23.     SLS also reported to Experian that the account was "transferred to recovery," *i.e.*, that the balance of the account had been referred to internal collections or to an external collection agency. *Id.*

24.    SLS reported that $52,735 was "written off," that is, $52,735 was the amount charged to profit and loss. *Id*.

25.    SLS failed to report any date of first delinquency ("**DOFD**"). *Id*.

26.    Experian's guidelines state that data furnishers must report a DOFD if the account has any negative payment history, as the DOFD is needed to compute the running of the seven-year reporting period prescribed by the FCRA, 15 U.S.C. §1681c(a)(4).

27.    Without a correct DOFD, Experian's automated systems will not know when to purge a tradeline as obsolete.

28.    SLS also reported the recent payment was "N/A," meaning either not available or not applicable. *Id*

29.    In spite of SLS' assertion, the debt was not charged to profit and loss in July or August 2015 as Mr. Duong continued to make payments on the debt, as agreed, until he made a settlement in full on the account in September.

30.    SLS never had reason to report that $52,735 had been "written off" since payment was made as agreed at all times, and the balance of the debt was immediately settled after an agreement was reached.

31.    When making its report to Experian in September 2015, SLS could have reported that the account was "settled for less than full balance," but did not, and instead falsely reported that more than 96% of the entire principal amount had been written off.

32.    In August 2017, Mr. Duong learned of these errors and disputed SLS' tradeline to Experian, stating that its report included the following errors:

(i)    No date of original delinquency was reported;

(ii)    The account was never charged-off, particularly the sum of $52,735;

(iii)    No last payment information was reported at all;

(iv)    Payments were made on-time until settlement of the matter; and,

(v)    The account was never in collections.

33.    Experian sent an Automated Consumer Dispute Verification ("**ACDV**") request to SLS and asked it to investigate the dispute.

34.    SLS answered the request in September 2017, with a confirmation and supposedly "updated" its report to reflect that $51,147 was "written off" and that the information was "previously in dispute." **SEE PLAINTIFF'S EXHIBIT E.**

35.    SLS's investigation was unreasonable.

36.    Even after the dispute, SLS did not report a DOFD nor did it report any payment information; therefore, the "recent payment" field continued to report as "N/A." *Id*.

37.    SLS failed to determine that, despite Mr. Duong making a $45,000 payment to settle the account, which had a balance of about $50,000 and was originally for $54,000 that $51,147 had been written off.

38.    Had SLS truly believed that $51,147 was "written off" or discharged, it would have been required to file a form 1099-C ("cancellation of debt") with the Internal Revenue Service ("IRS") in 2015 when the debt was settled.

39.    On information and belief, SLS never filed a 1099-C with the IRS as it would have had to send a copy to Mr. Duong.

40.    Any reasonable investigation would revealed that the "recent payment" field hda not been reported, and as this is a key piece of information for the readers of Mr. Duong's credit report, its absence creates a material misrepresentation regarding the transaction and must be updated or modified, or, if unverifiable, the entire report itself deleted.

41.     Any reasonable investigation would have revealed that the report was no longer accurate or complete without reference to the fact that Mr. Duong disputed the information – not that the information was previously disputed, but that the information was actively in dispute.

42.     The distinction between reporting a debt as "previously in dispute" and currently in dispute is significant since many credit scoring algorithms disregard a collection account reported *currently* in dispute, but not those *previously in dispute*, from their score computations.

43.     Continuing to report disputed and unverifiable information can reasonably be foreseen to cause harm to a consumer.

44.     The inclusion of this inaccurate information has impaired Mr. Duong's ability to obtain a mortgage and other credit for which he was otherwise well-qualified.

45.     Mr. Duong has hired this law firm to represent him in this matter, and is obligated to pay its reasonable fees.

COUNT I
**VIOLATIONS OF THE FCRA**

46.     Mr. Duong adopts and incorporates paragraphs 1 – 45 as if fully stated herein.

47.     SLS violated 15 U.S.C. § **1681s-2(b)** when it failed to make a reasonable reinvestigation, after receiving notice of a dispute from a CRA, Experian, as evidenced by the fact that any reasonable reinvestigation would have revealed that: (1) $51,147 was never "charged off," clear from the fact that a $45,000 payment was made; (2) SLS agreed to a settlement for less than full amount, and its report should reflect "settled for less than full balance," not "charged off"; (3) the amount of the last payment ($45,000) was missing from the report and needed to be included to provide accurate disclosure; and, (4) the account was actively disputed by Mr. Duong, not previously disputed.

Page 6 of 13

48.     SLS's conduct was willful and intentional, or, alternately, was done negligently with a reckless disregard for its duties under the FCRA to provide reports to CRAs with maximum possible accuracy.

49.     As a result of its conduct, SLS is liable to Mr. Duong pursuant to the FCRA for statutory damages of up to $1,000 and other relief.

**WHEREFORE,** Mr. Duong respectfully requests this Honorable Court enter judgment against SLS for:

    a.  Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.  Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.  Such other relief that this Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted this 20th Day of February 2018 , by:

/s/ *Philip R. Goldberg*
Philip R. Goldber
Florida Bar # 105940
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
PGoldberg@SeraphLegal.com

EXHIBITS

| A | SLS Letter, Page 1, Dated 9.24.2015 |
|---|---|
| B | SLS Letter Dated 10.27.2015 |
| C | Recorded Mortgage Release Dated 10.27.2015 |
| D | Experian Report 8.21.2017, Excerpt |
| E | Experian Report Dated 1.16.2018, Excerpt |

## EXHIBIT A
## SLS Letter, Page 1, Dated 9.24.2015

6.31  1009972004  09/24/15



09/24/15

BEN DUONG
19126 CYPRESS REACH LN
TAMPA          FL  33647

RE: Loan Number: ████████004

Property Address:  19126 CYPRESS REACH LN
                   TAMPA          FL 33647

Short Pay Contingent Approval

Dear BEN DUONG

Specialized Loan Servicing LLC (SLS) has been authorized by the Investor to accept a "short payoff" in connection with the above referenced property, release the lien secured by its Deed of Trust or Mortgage, and release you from liability under your promissory note, contingent on the fulfillment of the conditions listed below

    1.  Return of signed acknowledgement of this approval agreement by fax
    2.  Receipt of Minimum Net Proceeds in the amount and timeframe specified in this agreement

The minimum net proceeds approved of $45000.00 (US) must be in certified funds and the payment dates are as follows:

| Due Date of Payment | Payment Amount |
|---|---|
| 09/29/15 | $45000.00 |

If any of the above requested documents and information, as well as the Minimum Net Proceeds are not received in our office by the date given, this approval will be null and void and you will need to contact our office for updated approval.  If applicable, SLS will continue to make normal servicing disbursements for items such as taxes and insurance, which may increase the Minimum Net Proceeds required.  In the event this occurs, SLS will send an updated approval letter reflecting the increased Minimum Net Proceeds required for closing.

If you have not already done so, please send the requested documentation and a contact number to SLS at the fax number referenced below so that we can make arrangements for direct payment of the proceeds. If you are a customer in bankruptcy  a written approval from your attorney acknowledging acceptance of these terms must be received in order to complete this process.  Please return the approval letter to SLS with your signed documents.

8742 Lucent Blvd., Suite 300, Highlands Ranch, CO  80129
Direct: 1-800-268-9706  Fax: 1-303-895-2513

## EXHIBIT B
## SLS Letter Dated 10.27.2015



OCTOBER 27, 2015

**BEN DUONG**
**19126 CYPRESS REACH LN**
**TAMPA, FL 33647**

RE:   Account Number:        2004        ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
      Name:           BEN DUONG
      Property Address:    19126 CYPRESS REACH LANE TAMPA, FL 33647

Dear BEN DUONG:

Enclosed is your recorded Release or Satisfaction of Mortgage.

Please retain the enclosed document for your records.

We at Specialized Loan Servicing, LLC thank you for the opportunity to service your loan and help you meet your financial goals. If you need further assistance, please contact Customer Care at (800) 315-4757, Monday through Friday, 6:00 a.m. to 6:00 p.m., Mountain Standard Time.

Sincerely,

**Specialized Loan Servicing, LLC**

MIRANDA DISCLOSURE     For your protection, please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored and recorded for quality assurance purposes. If you do not wish for your call to be recorded, please notify the customer service associate when calling.

BANKRUPTCY INSTRUCTION     If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: Please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment, nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

## EXHIBIT C
## Recorded Mortgage Release Dated 10.27.2017

INSTRUMENT#: 2015415486, BK: 23635 PG: 575 PGS: 575 - 575 10/27/2015 at
03:15:51 PM,        DEPUTY CLERK:SSPENCER Pat Frank,Clerk of the Circuit Court
Hillsborough County

FLORIDA
COUNTY OF HILLSBOROUGH
LOAN NO.: 1909972804

PREPARED BY: JOANNE NIXDORF
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401
AND WHEN RECORDED MAIL TO:
SECURITY CONNECTIONS, INC.
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

### MORTGAGE RELEASE, SATISFACTION, AND DISCHARGE

The undersigned, E*TRADE BANK, owner, or nominee of the owner, of the indebtedness secured by that certain
Mortgage described below, does hereby release, discharge and reconvey, to the persons legally entitled thereto, all
of its right, title, and interest in and to the real estate described in said Mortgage, forever satisfying, releasing,
cancelling, and discharging the lien from said Mortgage.
Said Mortgage bearing the date NOVEMBER 12, 2004, executed by BEN DUONG, JOINED BY HIS SPOUSE,
LINDA DUONG, Mortgagor, and recorded in Public Records in the Office of the Clerk of the Circuit Court for
HILLSBOROUGH County, State of FLORIDA on JANUARY 21, 2005 in Book 14613 at Page 0204 as Clerk's
File No. 2005028324.

AS DESCRIBED IN SAID MORTGAGE REFERRED TO HEREIN

WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on OCTOBER 15, 2015.
E*TRADE BANK, BY SPECIALIZED LOAN SERVICING LLC, ITS ATTORNEY IN FACT

JOANNE NIXDORF, ASSISTANT VICE
PRESIDENT

STATE OF IDAHO            COUNTY OF BONNEVILLE      ) ss.

On OCTOBER 15, 2015, before me, MIRIAM SERNA, personally appeared JOANNE NIXDORF known to me
to be the ASSISTANT VICE PRESIDENT of the corporation that executed the instrument or the person who
executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the
same.

MIRIAM SERNA (COMMISSION EXP. 05/18/2021)
NOTARY PUBLIC

MIRIAM SERNA
NOTARY PUBLIC
STATE OF IDAHO

POD: 20150930
SLB1201121M - LR - FL              Page 1 of 1

# EXHIBIT D
## Experian Report 8.21.2017, Excerpt

8/21/2017                                                      Experian - Printable Full Report

 experian.

☒ Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for

**BEN DUNOG**

Your report number is

**3932-5229-24**

Report date:

**08/21/2017**

🖨 Print report

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

SPECIALIZED LOAN SERVICI
Address:                      Account Number:
8742 LUCENT BLVD STE 300   100997...
HIGHLANDS RANCH,
CO 80129
(720) 241-7200
Address Identification Number:
0638213991

Status:  Paid, Closed. $52,735 written off.

| Date Opened: | Type: | Credit Limit/Original Amount: |
|---|---|---|
| 12/2004 | Home Equity | $54,000 |
| Reported Since: | Terms: | High Balance: |
| 07/2015 | NA | $54,000 |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 09/2015 | $0 | NA |
| Last Reported: | Responsibility: | Recent Payment: |
| 09/2015 | Individual | NA |

Comment:  Transferred to recovery

Payment History:

2015
SEP  AUG  JUL
CO   CO   CO

Account History:
Charge Off as of Jul 2015 to Sep 2015

# EXHIBIT E
## Experian Report Dated 1.16.2018, Excerpt

1/16/2018                                    Experian - Access your credit report

EPN number | Report number 3355539677 · · shown  2018   BDC | 09994 items

Potentially negative items

No Public Record items appear on your report

| Account name SPECIALIZED LOAN SERVICI | Account number 100997... | Recent balance Not reported | Date opened 12/2004 | Status Paid, Closed. $51,147 written off. |
|---|---|---|---|---|
| 8742 LUCENT BLVD STE 300 HIGHLANDS RANCH, CO 80129 720 241 7200 Address identification number 0538713991 | Type Home Equity Terms NA | Credit limit or original amount $54,000 High balance $54,000 Monthly payment $0 Recent payment amount Not reported | Date of status 09/2015 First reported 07/2015 Responsibility Individual | Comment Account previously in dispute - Investigation complete, reported by data furnisher Comment Transferred to recovery. Reinvestigation information This item was updated from our processing of your dispute in Sep 2017. |

Account history

2015
Sep   Aug   Jul
CO    CO    CO

Charge Off as of Jul 2015 to Sep 2015